## Commonwealth v. Ross

*Thomas V. Mansell,* for plaintiff.

*Maurice Levinson,* for respondent.

LAMOREE, J., December 21, 1951.—This proceeding is by the Department of Public Assistance of the Commonwealth of Pennsylvania to secure the sum of $1,000 in possession of Charles Ross, probation officer of Lawrence County. The funds came into the hands of the probation officer by virtue of the forfeiture of the bond of Domenick De Chesero. The petition seeks to have the money in Mr. Ross' hands paid over to it.

Genevieve A. De Chesero, the wife of Domenick De Chesero, has intervened, claiming the money either for herself or for her father.

Mrs. De Chesero has been receiving public asistance from the Commonwealth since August 10, 1950, and to the date of filing the petition in this matter has received a total of $1,341.30. The bond referred to above was forfeited by reason of Domenick De Chesero's failure to pay for the support of his wife and family in conformity with a court order directing such payment.

The question here is, whether the sum of $1,000 realized from the forfeiture should be paid to the Commonwealth of Pennsylvania as reimbursement for the support of Mrs. De Chesero and her children or should it be paid to Mrs. De Chesero or her father, who supported her and the children for some months after Mr. De Chesero's desertion and failure to comply with the court's order for support.

The court is satisfied that the money in the hands of the probation officer must be paid to the Department of Public Assistance.

Section 4 of the Act of June 24, 1937, P. L. 2045, as amended June 9, 1939, P. L. 310, prescribes the course to be followed. It reads as follows:

"The real and personal property of any indigent person shall be liable for the expenses of his support, maintenance, assistance and burial, incurred by any public body or public agency, if such property was owned during the time such expenses were incurred, or if the right to ownership of such property existed or was acquired during the time such expenses were incurred. Any public body or public agency may sue for moneys so expended, and any judgment obtained shall be a lien upon the real estate of such indigent person, and be collected as other judgments, except as to the real and personal property comprising the home and

furnishings of such indigent person, which home shall be subject to the lien of such judgment but shall not be subject to execution on such judgment during the lifetime of the indigent person, surviving spouse, or dependent children."

Section 5 of the above act further implements the necessary procedure and designates the agency entitled to such funds.

The court accordingly is entering the following

*Order*

Now, December 21, 1951, Charles D. Ross, probation officer for Lawrence County, Pa., is ordered and directed to pay over unto the Department of Public Assistance of the Commonwealth of Pennsylvania, the funds received from the forfeiture of the bond in the matter of Commonwealth v. De Chesero, after deducting from said moneys costs incidental to these proceedings.